IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-01869-PAB-MDB

BRUCE DRAGONFLY,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, and
UNITED STATES OF AMERICA,

Defendants.

---

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter is before the Court on the Recommendation of Magistrate Judge [Docket No. 51]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. Docket No. 51 at 5-6; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on August 21, 2026. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation

to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law. Accordingly, it is

**ORDERED** that the Recommendation of Magistrate Judge [Docket No. 51] is **ACCEPTED**. It is further

**ORDERED** that Defendant Federal Bureau of Prisons' Early Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies [Docket No. 37] is **GRANTED**. It is further

**ORDERED** that plaintiff's Eighth Amendment claim is **DISMISSED without prejudice**.

DATED September 11, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

[1] This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).